WILLIAM E. CASWELL *vs.* JAMES FULLER.

Waldo.    Opinion January 31, 1885.

*Estoppel.    Arrest.*

A debtor is estopped from holding a creditor chargeable for a false oath, upon a writ whereon the debtor was arrested, when it appears that the creditor made the oath upon information given him by the debtor, believing the same to be true.

ON EXCEPTIONS.

*Joseph Williamson*, for the plaintiff.

*William H. Fogler*, for the defendant.

HASKELL, J.    The plaintiff sues for damages suffered from an alleged illegal arrest, grounded upon the false oath of the defendant, that at least ten dollars were due upon the debt sued and were unpaid, when in fact it had been discharged in bankruptcy.

The defense is, that the plaintiff, by his own statement when he contracted the debt, led the defendant to believe, that he, the plaintiff, had already been adjudged a bankrupt, and wanted to borrow the money to help himself through bankruptcy; that, relying upon the truth of this statement, the defendant loaned the money, and after it became due and payable made the oath believing that it was true.

The presiding justice ruled, that this defense, if proved, would in law bar the plaintiff's action.    To this ruling the plaintiff alleged exception, the verdict being for the defendant.

Estoppels *in pais* have long been regarded by courts as wise and salutary.    That a man should be allowed by his own speech and conduct to lead another astray, and thereby take substantial benefit from the error of which he was the cause is subversive of natural justice.

The plaintiff induced a loan from the defendant upon the false representation, that he had already been adjudged a bankrupt, and needed funds to carry him through the bankruptcy proceed-

ings. The defendant, failing to receive payment of the loan when due, made the oath required by statute as a prerequisite to arrest on mesne process on contract, and caused the plaintiff's arrest upon a writ, wherein the loan was sued for. It is not pretended that any part of the oath was false, beside that stating the debt sued, or at least ten dollars of it, to be due and payable. To show the oath false in this particular, the plaintiff relies upon his discharge in bankruptcy, which would not have discharged the defendant's loan had the plaintiff's representations when he procured it, relative to his bankrupt proceedings, been true. Having availed himself of false representations to procure the loan, the plaintiff cannot deny their truth for the purpose of charging the defendant with a false oath, made upon the belief that the false statements of the plaintiff were true. By reason of the false representations of the plaintiff, the defendant parted with his money, and equitable estoppel precludes the plaintiff from gaining advantage from his own falsehood. *Stanwood* v. *McLellan*, 48 Maine, 275 ; *Piper* v. *Gilmore*, 49 Maine, 149 ; *Wood* v. *Pennell*, 51 Maine, 52.

This defense is fatal to the plaintiff's case, and the other exceptions become immaterial.

*Exceptions overruled.*

PETERS, C. J., DANFORTH, VIRGIN, EMERY and FOSTER, JJ., concurred.